IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John James Bell, | ) | |
| | ) | C/A No. 2:17-2176-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's "motion for mandamus" which was docketed as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On August 24, 2017, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation recommending the petition be summarily dismissed with prejudice. (ECF No. 6). Petitioner was advised he could file objections to the Report. (ECF No. 6 at 11). However, rather than file objections, on September 13, 2017, Petitioner filed a Supplement and an Amended Petition. (ECF Nos. 11 and 12). Upon review, the court summarily dismisses this action with prejudice.

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need

not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the magistrate judge set forth an in-depth discussion of the background relating to Petitioner's state convictions and his prior actions challenging these convictions. (Report at 1-4). Briefly, in 1992 following a jury trial, Petitioner was convicted of murder, kidnaping, and sexual conduct with a minor. He was sentenced to life imprisonment for the murder and thirty years' imprisonment for the kidnaping, to run concurrently; and thirty years' imprisonment for the sexual conduct with a minor conviction, to run consecutively. The South Carolina Supreme Court affirmed Petitioner's convictions and sentences. *State v. John J. Bell*, Op. No. 94-MO-185 (S.C. 1994). Petitioner's first application for post-conviction relief ("PCR") was denied, and the South Carolina Supreme Court, which initially granted a writ of certiorari to review the denial of PCR, subsequently dismissed the writ as improvidently granted. *Bell v. State*, Op. No. 98-MO-33 (S.C. 1998). Petitioner has filed numerous other unsuccessful actions in state court in regard to his 1992 convictions and sentences. In federal court, Petitioner has also filed several actions regarding his 1992 convictions, including an initial § 2254 habeas petition. *See Bell v. Moore*, No. 4:99-2663-GRA (D.S.C. filed Aug, 12, 1999).

The magistrate judge interpreted the instant action as a petition for mandamus seeking to force the South Carolina Supreme Court to issue a writ of certiorari for a review of the denial of PCR in regard to Petitioner's state convictions. (Report at 5, 8). The magistrate judge concluded that Petitioner was not entitled to such relief, and that this deficiency could not be cured by an amendment. (Report at 9). Further, the magistrate judge determined that this Petition is barred

2

by the *Rooker-Feldman* doctrine. *Id.*[1] Finally, the magistrate judge concluded that even if the relief which Petitioner seeks could be construed as a request for habeas relief, because this is not Petitioner's first habeas action, he would have to obtain authorization to file a successive habeas petition from the Fourth Circuit Court of Appeals. (Report at 10).

In his subsequent filings, the Supplement and Amended Petition, Petitioner contends that there has been a gross miscarriage of justice because he was not provided with discovery for the offenses he committed in November 1991 and for which he was convicted of in 1992. (ECF No. 12 at 3).[2] In regard to these charges, he alleges there were errors with his indictment, trial, and appeal. *Id.* at 5. He argues he was wrongfully convicted. *Id.* at 6. Reviewing Petitioner's filings, it is clear the court cannot grant Petitioner the relief that he is seeking. As the magistrate judge explained, the Petition is barred by the *Rooker-Feldman* doctrine and mandamus relief is unavailable.[3] Moreover, even if the court were to construe this action as one for habeas relief, Petitioner would need authorization from the Fourth Circuit Court of Appeals, and any amendment would not cure this deficiency.

Accordingly, after a thorough review of the Report and the record in this case pursuant to

---

[1] The Rooker-Feldman doctrine holds that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). A "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

[2] In his Supplement, Petitioner noted that he had received the Report, and he requested a thirty- day extension of time to "Amend [his] Appeal" to address the magistrate judge's conclusion that federal courts generally do not grant writs of mandamus to compel state officials to act. ((ECF No. 11 at 1). Petitioner has filed an Amended Petition (ECF No. 12), in which he addresses the magistrate judge's conclusion. (ECF No. 12). Accordingly, the court finds Petitioner's request for an extension moot.

[3] Petitioner previously sought mandamus relief in regard to these same state convictions in 2007, and this court denied him that relief. *Bell v. Reynolds*, No. 8:07-cv-2776-GRA (D.S.C. Aug. 17, 2007).

the standards set forth above, this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
January 2, 2018

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.